Duane M. Swinton
Joel P. Hazel
WITHERSPOON, KELLEY,
DAVENPORT & TOOLE, P.S.
1100 U.S. Bank Building
422 West Riverside Avenue
Spokane, WA  99201-0300
(509) 624-5265

Attorneys for Media Representatives

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
(HONORABLE EDWARD J. LODGE)

| | |
|---|---|
| In re<br><br>THE SPOKESMAN-REVIEW, THE ASSOCIATED PRESS, THE IDAHO STATESMAN, THE IDAHO PRESS CLUB, IDAHO NEWSPAPER FOUNDATION, IDAHOANS FOR OPENNESS IN GOVERNMENT, IDAHO ALLIED DAILIES, IDAHO STATE BROADCASTERS ASSOCIATION, BOISE STATE RADIO, KHQ-TV, KREM-TV, KXLY-TV, KTVB-TV, KTRV-TV, KBCI-TV and KIVI-TV,<br><br>                              Movants. | MC 08-6420<br><br>Related Case: CR-07-23-N-EJL<br><br>MOTION OF THE SPOKESMAN-REVIEW FOR ACCESS TO COURT RECORDS |

COMES NOW, The Spokesman-Review, acting by and through its attorneys, Witherspoon, Kelley, Davenport & Toole, P.S., and respectfully moves the Court for an order providing access to the following document that has been filed with the Court under seal in the above-referenced matter:

1

1. Exhibit D, as referenced in Docket No. 400, the government's Memorandum of Law Regarding Pro Se Competency Standard and Timeliness of Defendant's Request.  The exhibit is described on page 10 of the filing: "The defendant's correspondence with friends after court proceedings and his mental testing in this case also indicates that he has a rational and factual understanding of the proceedings.  He has been able to comment on the proceedings, to identify the persons at the proceedings and to indicate his view of the proceedings.  See Exhibit D, attached, for examples of such correspondence."

The public has a common-law and First Amendment right of access to court records filed in criminal proceedings.  "In both civil and criminal cases courts recognize a common-law right of access to judicial proceedings and records."  *United States v. Bradley*, 2007 U.S. Dist. LEXIS 42152.  The Ninth Circuit has recognized a First Amendment right of access to court records.  *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2002).

Blanket protective orders that give the parties discretion in determining whether to file records under seal are discouraged.  *In re Time, Inc.*, 182 F.3d 270 (4th Cir. 1999).  The following procedure is to be followed in the event sealing of records is under consideration: the court must (1) provide public notice that the sealing of documents may be ordered; (2) provide interested persons an opportunity to object before sealing is ordered; (3) state the reasons, supported with specific findings, for its decision if it decides to seal documents; and (4) state why it rejected alternatives to sealing.  *Id.*, 182 F.3d at 271.  One less restrictive alternative than complete sealing of records is redaction of parts of a record if there can be demonstrated a compelling interest in sealing part of the same.

In the *In re McClatchy Newspapers* case, *supra*, the Ninth Circuit issued a writ of mandamus to a California District Court compelling it to release to the public three letters submitted to the court as part of a sentence-reduction proceeding. The Court noted that the test for sealing places a heavy burden on the proponent of sealing to demonstrate a substantial government interest that would be jeopardized if sealing were not ordered in order to defeat First Amendment right of access claims. Quoting from a United States Supreme Court opinion, the Ninth Circuit stated that "the American view of the right to inspect and copy court documents is in contrast with the English practice and embraces as an interest compelling disclosure 'the citizen's desire to keep a watchful eye on the workings of public agencies' and newspaper publisher's intention to publish information concerning the operation of government.'" 288 F.3d at 374.

DATED this 23rd day of April, 2008.

        WITHERSPOON, KELLEY, DAVENPORT
         & TOOLE, P.S.

        By: */s/ Joel P. Hazel*
          DUANE M. SWINTON
          JOEL P. HAZEL
          Attorneys for Media Representatives

CERTIFICATE OF SERVICE

    I, the undersigned, certify that on the 23rd day of April, 2008, I caused a true and correct copy of the MOTION OF THE SPOKESMAN-REVIEW FOR ACCESS TO COURT RECORDS to be forwarded, with all required charges prepaid, by the method(s) indicated below, to the following parties:

| | |
|---|---|
| Judy Clarke<br>Federal Defender's Office<br>225 Broadway, Suite 900<br>San Diego, CA  92101 | ✓ U.S. Mail<br>___ Hand Delivered<br>___ Overnight Mail<br>✓ Via fax:  (619) 687-2666 |
| Mark A. Larranaga<br>Walsh & Larranaga<br>705 Second Ave., #405<br>Seattle, WA  98104 | ✓ U.S. Mail<br>___ Hand Delivered<br>___ Overnight Mail<br>✓ Via fax:  (206) 322-4305 |
| Roger Peven<br>Federal Defender's Office<br>10 N. Post St., #700<br>Spokane, WA  99210 | ✓ U.S. Mail<br>___ Hand Delivered<br>___ Overnight Mail<br>✓ Via fax:  (509) 747-3539 |
| Thomas Monaghan<br>Federal Defender's Office<br>350 N. 9th St., Number 301<br>Boise, ID  83702 | ✓ U.S. Mail<br>___ Hand Delivered<br>___ Overnight Mail<br>✓ Via fax:  (208) 388-1757 |
| Thomas E. Moss<br>U.S. Attorney's Office<br>Washington Group, Plaza IV<br>800 Park Blvd., Suite 600<br>Boise, ID  83712 | ✓ U.S. Mail<br>___ Hand Delivered<br>___ Overnight Mail<br>✓ Via fax:  (208) 334-1414 |
| Traci Jo Whelan<br>U.S. Attorney's Office<br>205 N. 4th St., Rm. 306<br>Coeur d'Alene, ID  83814 | ✓ U.S. Mail<br>___ Hand Delivered<br>___ Overnight Mail<br>✓ Via fax:  (208) 667-0814 |

| | |
|---|---|
| Wendy Olson<br>U.S. Attorney's Office<br>Washington Group Plaza IV<br>800 Park Blvd., Ste. 600<br>Boise, ID  83712 | ✓   U.S. Mail<br>_____ Hand Delivered<br>_____ Overnight Mail<br>✓   Via fax:  (208) 334-1038 |

                                                /s/ Terry Erickson
                                                TERRY ERICKSON, Legal Assistant

C:\Documents and Settings\jangelo\Local Settings\Temp\notes6030C8\Motion for Access1.wpd