*THOMAS E. MOSS*
*UNITED STATES ATTORNEY*
*SYRENA C. HARGROVE*
*ASSISTANT UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA IV, SUITE 600*
*800 PARK BOULEVARD*
*BOISE, IDAHO 83712-9902*
*TELEPHONE: (208) 334-1211*
*FAX: (208) 334-1038*

*UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO*

| | |
|---|---|
| In re: | ) |
| | ) MC 08-6420 |
| THE SPOKESMAN-REVIEW, THE | ) |
| ASSOCIATED PRESS, THE IDAHO | ) Related Case: CR No. 07-023-N-EJL |
| STATESMAN, THE IDAHO PRESS CLUB, | ) |
| IDAHO NEWSPAPER FOUNDATION, | ) UNITED STATES' RESPONSE IN |
| IDAHOANS FOR OPENNESS IN | ) OPPOSITION TO MOTIONS OF |
| GOVERNMENT, IDAHO ALLIED DAILIES, | ) THE SPOKESMAN-REVIEW TO |
| IDAHO STATE BROADCASTERS | ) UNSEAL VARIOUS COURT |
| ASSOCIATION, BOISE STATE RADIO, KHQ- | ) DOCUMENTS |
| TV, KREM-TV, KXLY-TV, KTVB-TV, KTRV- | ) |
| TV, KBCI-TV AND KIVI-TV, | ) |
| | ) |
| Movants. | ) |
| | ) |

Currently pending before the Court are two motions, filed by the press on April 23rd and May 2nd, to unseal various court documents. For the following reasons, the Government partially opposes those motions.

- 1 -

**ARGUMENT**

The defendant and society have an interest in a fair trial before an unbiased jury.  *See Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984).  Victims of crimes and their families have rights to privacy.  *See, e.g.,* 18 U.S.C. § 3509 ("Child victims' and child witnesses' rights").  The public has a qualified right of access to court documents.  *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13 (1986).  The United States has a duty to ensure that all these rights are protected.  *See, e.g., Gannett Co. v. DePasquale*, 443 U.S. 368, 384 n.12 (1979) (describing a prosecutor's duties with respect to the First, Sixth, and Fourteenth Amendments); 18 U.S.C. § 3509 ("Child victims' and child witnesses' rights").  Balancing these duties, the United States takes the following position regarding the documents sought by the press in its motions dated April 23rd and May 2nd.

The United States does not oppose unsealing Docket No. 171, that portion of Docket No. 63 entitled "Stipulation," and redacted portions of the motions filed in Docket Nos. 112 and 159.  Once the jury has been empaneled and the trial has begun, the United States does not oppose unsealing Exhibit D to Docket No. 400, with names and identifying information of non-parties redacted.  The United States unequivocally opposes unsealing the affidavits attached to Docket No. 112 and incorporated into Docket No. 63.  They involve private information regarding the surviving minor victim.  Finally, the United States supports the Groene family's request that Steve Groene's letter and affidavit remain sealed.

**I.      Documents disclosing private information regarding the victim must remain sealed.**

Pursuant to 18 U.S.C. § 3509(d)(1), "documents that disclose the name or any other information concerning a child" shall be disclosed "only to persons who, by reason of their participation in the proceeding, have reason to know such information."  18 U.S.C. § 3509(d)(1).  Such information forms the bulk of the affidavits attached to Docket No. 112 and incorporated

into Docket No. 63.  The motion filed in Docket No. 112 describes such information extensively.

Thus, substantial portions of that motion should be redacted before any unsealing.  Smaller

portions of Docket No. 159 would need to be redacted as well.

It is unlikely that the First Amendment even applies to the documents and the portions of

documents in question.  *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)

(setting forth factors necessary to determine whether a First Amendment right attaches to

documents).  A victim's private medical and psychological records are not documents that have

historically been open to public inspection.  *Id.*  Quite the contrary, such records are traditionally

closed, and statutes and extensive regulations require that they remain confidential.  *See, e.g.,* 18

U.S.C. § 3509; 42 U.S.C. § 1320, 1395, 45  C.F.R. 164 *et seq.*  In addition, public access to these

documents would decidedly not "play[] a significant positive role in the functioning" of the

judicial process.  *Id.*  Again, the contrary is true.  Public access would harm the functioning of

the judicial process by infringing upon the victim's rights, inflicting further harm on this child,

and undermining the defendant's right to a fair trial.  Accordingly, the United States urges the

court to leave under seal – permanently – the affidavits attached to Docket No. 112 and

incorporated into Docket No. 171, and the portions of Docket Nos. 112 and 159 that discuss

those affidavits.[1]

## II.   Documents that could pollute the jury pool should remain sealed at this time.

With respect to Exhibit D to Docket No. 400, which the press seeks to have unsealed in

its motion filed April 23rd, the United States objects to unsealing this exhibit *until the jury has*

*been empaneled and the sentencing has begun*.  At that time, if the documents are appropriately

---

[1] For the same reasons, the press's interests under the common-law right of access are
substantially outweighed by the victim's and the defendant's interests.  *See United States v.
Schlette*, 842 F.2d 1574, 1582 (9th Cir.  1988).

redacted to remove the identifying information of non-parties, the public's qualified rights under the First Amendment may well outweigh the Sixth and Fourteenth Amendment concerns that currently weigh against un-sealing.  Until that time, however, releasing further facts and details regarding the defendant – even if they are not particularly inflammatory in and of themselves – will inevitably lead to pervasive publicity.  That publicity, in turn, creates a substantial probability that a fair trial will become impossible.

Two factors weigh strongly in favor of maintaining the seal on Exhibit D at this time:  The highly inflammatory nature of this case and its present procedural posture.  Once the jury has been empaneled and the trial has begun, however, the second factor should no longer weigh as heavily.  Thus, at that time, unsealing (with appropriate redaction) may be appropriate.

The Ninth Circuit "has recognized that cases involving lurid subject matter, particularly violent crimes, are more likely to arouse prejudice" of Constitutional concern.  *Seattle Times Co. v. U.S. Dist. Court*, 845 F.2d 1513, 1517 (9th Cir.  1988).  This is precisely such a case.  Significantly, this case also involves victims of a kind most likely to evoke tremendous public outrage:  young children.  The danger of pervasive prejudice against the defendant from press coverage is thus unusually high here.  *Id.*

Combined with the highly inflammatory nature of the case, the present procedural posture of the case weighs against granting the press's motion with respect to Exhibit D at this time.  Courts have long recognized the danger of substantial publicity immediately preceding a trial.  *See Gannett*, 443 U.S. at 378 (noting that publicity at the pre-trial stage "poses special risks of unfairness"); *Seattle Times Co.*, 845 F.2d at 1518 (collecting cases and noting two-month gap between press coverage and the beginning of trial).[2]  In this case and at this time, the

---

[2] *Seattle Times* lists two other factors relevant to the question of whether to unseal documents as well:  the size of the city and the nature of the documents sought.  *Seattle Times*,

dangers of pre-trial publicity can be expected to be higher than usual.  Potential jurors are in an odd situation.  They are aware not only that they may be selected but also that something is delaying the trial.  To be sure, the Court has given strong and appropriate admonitions regarding the need to stop reading, listening to, and watching news media.  Nonetheless, even the most diligent of potential jurors must be curious.  Perhaps more importantly, those who know them and know they may be selected, can be expected to be curious as well.  A barrage of news stories regarding the defendant is thus likely to have a particularly deleterious effect on the jury pool if it occurs at this time.  Even if the details in question are not, in and of themselves, highly inflammatory, they are still facts that could lead jurors to pre-judge the defendant.  Substantial publicity at this time thus poses an unusually high danger of polluting the jury pool.

The United States recognizes that the above analysis applies to other documents currently under seal.  The United States anticipates that such documents, appropriately redacted, will be subject to unsealing in the future.

### III.    The United States has no objection to unsealing certain documents and partially unsealing others.

The United States has no objection to unsealing, in their entirety, the stipulation contained in Docket No. 63 (without incorporated affidavits) and Docket No. 171.  With all discussion regarding the minor victim's private information redacted, the United States also does not oppose unsealing the motion contained in Docket No. 112 and the motion in Docket No. 159.

---

845 F.2d at 1518 (noting that "prejudicial publicity is less likely to endanger the defendant's right to a fair trial in a large metropolitan area like Seattle" and that the non-inflammatory nature of the particular documents sought lessened the danger as well).  In this case, the size of the metropolitan area weighs in favor of maintaining the seal; the nature of the particular documents in question probably does not.

## CONCLUSION

The public's First Amendment rights, while undeniably important, are qualified.  *Press-Enterprise Co.*, 478 U.S. at 9.  At times, "closure is essential to preserve higher values."  *Id.*  To be sure, that closure must be "narrowly tailored to serve th[e] interest" identified.  *Id.*  Moreover, the Court must consider less-restrictive alternatives and appropriately limit any closure.  *Id.*  In this case, documents that are comprised of personal information regarding the surviving minor victim should be permanently sealed to protect her from further invasions of her privacy and from further harm.  More limited closure of other documents is appropriate, however.  Redaction of the victim's private information will allow some documents to be partially unsealed.  Similarly, the decision to wait before unsealing other documents will appropriately address other constitutional problems, such as the danger of polluting the jury pool.  Finally, the complete unsealing of some documents at this time may be appropriate as well.

Respectfully submitted this 23rd day of May, 2008.

THOMAS E. MOSS
United States Attorney


_____
/s/ Syrena C. Hargrove
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY that I am an employee of the United States Attorney's Office for the District

of Idaho, and that a copy of the foregoing United States' Response in Opposition to Motions of

The Spokesman-Review to Unseal Various Court Documents was served on all parties named

below this 23rd day of May, 2008.

___United States Mail, postage prepaid

___ Hand delivery

___ Facsimile Transmission

___ Federal Express

 x  ECF Filing

Thomas Monaghan
Federal Defenders of Idaho
Jefferson Place Building, Suite 301
350 North 9th Street
Boise, Idaho 83702

Mark Larranaga
Attorney at Law
705 Second Ave., No. 405
Seattle, Washington 98104

Judy Clarke
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101

Roger Peven
Federal Defenders of Eastern Washington and Idaho
10 N. Post
Spokane, WA 99201

Attorneys for Joseph Edward Duncan, III

Duane M. Swinton
Joel P. Hazel
Witherspoon, Kelley, Davenport & Toole, P.S.
Attorneys at Law
1100 U.S. Bank Building
422 West Riverside Avenue
Spokane, Washington 99201-0300

Attorneys for Media Representatives


_____

/s/ Syrena C. Hargrove